IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARMEN MERCADO-TORRES,

Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY,

Defendant.

CIVIL NO. 10-1536 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Carmen Mercado-Torres (hereafter "plaintiff Mercado-Torres") filed a complaint against defendant Aetna Life Insurance Company (hereafter "Aetna"), under the Employee Retirement Income Security Act of 1974 ("ERISA"), Title 29, United States Code, Section 1001, *et seq*. Aetna had been designated by plaintiff's employer Praxair as the administrator of a short term disability plan. The averments of the complaint submit defendant Aetna acted under a conflict of interest in terminating plaintiff Mercado-Torres' short term benefits, initially granted from April 27, 2009 through May 31, 2009. In the alternative, plaintiff Mercado-Torres claims the decision to terminate her short term disability benefits as of June 1, 2009, was arbitrary, capricious and unsupported by substantial evidence of the record. (Docket No. 1).

The parties consented to jurisdiction by a United States Magistrate Judge (Docket No. 14 and 16) and agreed that, due to the nature of the case, no discovery was necessary. Thus, the court would entertain the claim upon filing of a motion for judgment on the administrative record and the corresponding briefs. The administrative record was thereafter filed as part of the case and, on October 26, 2010, Aetna filed its Motion for

Judgment on the Administrative Record with its memorandum of law. (Docket No. 20). On November 29, 2010, plaintiff Mercado-Torres filed its response in opposition. (Docket No. 24). A request for leave to file opposition was granted and Aetna filed the corresponding memorandum on December 30, 2010. (Docket Nos. 28).

**LEGAL ANALYSIS**

**I. Standard of Review.**

The parties do not agree on the proper standard of review. Plaintiff Mercado-Torres submits the judicial review is *de novo,* while defendant Aetna argues the standard of review is under an arbitrary and capricious rationale.

Plaintiff initially rested the *de novo* standard on the assumption the short term disability plan established by Praxair could not be held to be one granting discretion to the administrator Aetna for it had expired by its own terms by June 30, 2008, that is, by the time of the decision of denial of benefits of plaintiff Mercado-Torres.

Defendant Aetna submitted in opposition to plaintiff's contention as to expiration that the plan document clearly establishes it is to be automatically renewed for successive one year terms. A review of the corresponding provisions indicates defendant's contentions as to the continuity of the plan to be duly supported by the documentation submitted.

Thus, since the disability plan was in effect and it grants discretionary authority to the administrator to determine an insured's eligibility for benefits and to construe its terms, we agree with defendant Aetna that the standard of review is arbitrary and capricious. *See* Leahy v. Raytheon Co., 315 F.3d 11 (1st Cir. 2002).

A detailed case law study as to the standard of review, including consideration of the Leahy rational, was further elaborated in Denmark v. Liberty Life Assur. Co. of Boston, 566 F.3d 1 (1st Cir. 2009). Regardless of the standard, reasonableness is considered the basic touchstone in all benefit-denial cases, which is one flexible when examined in the light of specific decision on a specific set of facts. Thus, abuse of discretion, arbitrary and capricious and reasonableness are all considered functionally equivalent in the ERISA context. Pari-Fasano v. ITT Hartford Life & Accident Insurance Co., 230 F.3d 415 (1st Cir. 2000).

## II. Claim for Short Term Disability Benefits.

Defendant Aetna submits that, even if the standard of review is *de novo* and not arbitrary and capricious, its denial of disability benefits to plaintiff Mercado-Torres stems from a lack of objective medical evidence for which the alleged disability could not be established by plaintiff. Defendant considers the record submitted by plaintiff's treating psychiatrist, Dr. Edgardo Prieto-Agostini (hereafter "Dr. Prieto-Agostini"), consisted mostly of check marks on progress notes for each visit of plaintiff, without any objective test shown to determine plaintiff's level of concentration of memory function. Defendant Aetna also claims the record examined by defendant also shows the patient to be functioning appropriately, being oriented in person, place and time, having no suicidal or homicidal ideation, having good insight, judgment and reliability, and no cognitive difficulties or perceptual disturbances. In addition, defendant Aetna states Dr. Prieto-Agostini failed to respond to defendant's request for objective findings, limited to a general assertion that plaintiff was to be considered to be totally disabled. Defendant pinpoints to the record

stating that Dr. Prieto-Agostini once stated plaintiff Mercado-Torres was expected to return to normal activities by June 1, 2009, but did not explain the discrepancy that she would not be able to return to work until July 31, 2009. Dr. Prieto-Agostini is also faulted for having failed to complete defendant's request for a Behavioral Health Clinician Statement to elicit information about plaintiff Mercado-Torres' cognitive and emotional functioning, activities of daily living, risk to herself and others, and behavioral observations. Dr. Prieto-Agostini also refused to confer with defendant Aetna's independent psychological examiner to answer questions on the claim. On the above development of events, defendant Aetna submits it lacked objective medical information to support Dr. Prieto-Agostini's conclusion that plaintiff Mercado-Torres was disabled and, thus, entitled to short term disability benefits, for which it denied the claim and terminated the benefits awarded while plaintiff Mercado-Torres was partially hospitalized at a psychiatric institution, namely, San Juan de Capestrano.

Plaintiff Mercado-Torres' opposition to defendant Aetna's determination and conclusions submits in first instance, the possibility of a conflict of interest because, although the short term disability plan is self-insured, that is, Praxair is the one financially responsible for benefit payment thereunder, had the disability lasted for an extended period, it would be defendant Aetna the one to pay the long term disability benefits.

In addition, plaintiff submits a proper examination of the medical record made available to defendant Aetna, and now part of the record for judgment on the administrative record, clearly shows plaintiff Mercado-Torres was suffering from major depression, severe and recurrent since the certification submitted on April 30, 2009. Dr. Prieto-Agostini, who

had been providing psychiatric treatment to plaintiff since March 2006, had consistently described plaintiff's condition with a history of sadness, anger, low self-esteem and memory problems as being a chronic condition, beginning on or around April 27, 2009, first date of continuous absence from work, and June 1, 2009, the date initially expected for plaintiff to return to normal activities. Still, the medical evidence indicates plaintiff Mercado-Torres continued her psychiatric treatment consistently after leaving partial hospitalization at San Juan de Capestrano facilities from April 27, 2009 through May 8, 2009, and recovery period identified until June 1, 2009.

Dr. Prieto-Agostini submitted by September 2009 a summary report of psychiatric treatment referring to the continuation of plaintiff Mercado-Torres' mental condition, including suffering from 3-4 week panic attacks, being pesimistic, with explosive behavior, poor decision making, memory problems, diminishment of attention and concentration, social, labor and family disfunction. Exhibit 19-3. The record of visits to Dr. Prieto-Agostini shows consistent monthly visits. The record also demonstrates the patient was not allowed to drive because of altered concentration and attention and side effects of medication. Immediate and short term memory were diminished and the patient was easily distracted, with poor insight and judgment. She was unable to perform daily home care activities and required supervision, being isolated from neighbors, family and friends. She lacked patience and tolerance and displayed poor decision making, with fear and severe anxiety being displayed, poor motivation and lack of persistence as to goals and tasks. The diagnosis was of major depression, severe, recurrent, with psychosis; panic attacks without agoraphobia and dysthimia. The medications, which had been gradually increased with

each visit, were maintained at daily doses of .5mg of Klonopin, 300 mg of Wellbutrin, 5 mg Abilify, 30 mg of Remeron at night and 50 mg of Doxepin.[1]

A careful and independent examination of the available medical record as a whole establishes plaintiff's disabling medical condition when taking into account the consistency of medical treatment, the increasing dosages of medications prescribed[2] and the partial hospitalization which was required to stabilize the condition. Further, the medical record reflects no evidence of malingering.

The independent psychologist from Aetna who examined Dr. Prieto-Agostini's notes and concluded the record failed to support functional impairment refers incorrectly to no indication of medication prescribed or the patient's responses based on having some difficulty in reading the forms, which may be a result of the language barrier or handwriting definition on the part of the said examiner. The psychologist's conclusion borders on mis-characterization of the medical record and defendant Aetna's reliance on same, as the only ground for alleging the existence of contradictory medical evidence to support denial of disability, is thus insufficient to rebut arbitrary and capricious standard. *Exhibit 19-3, pp. 265-267.*

Succinctly, the administrative record available as part of the judgment on the administrative record shows otherwise and the claimed conflicting medical opinion relied

[1] Regardless that defendant Aetna denied benefits by July 1, 2009, the summary report contains the information included in Dr. Prieto-Agostini's medical record, insofar as medication, history of treatment, and his psychiatric assessment of plaintiff Mercado-Torres' condition.

[2] The medications prescribed to plaintiff Mercado-Torres are commonly prescribed for panic attacks, depression, symptoms of schizophrenia or bipolar disorder, and anxiety.

upon by defendant was nothing more than said psychologist's review and interpretation of Dr. Prieto-Agostini's notes and record as the treating psychiatrist, without more. *See* Buffonge v. Prudential Ins. Co. Of America, 426 F.3d 20 (1st Cir. 2005).

As such, and taking into account the available medical record as a whole, Dr. Prieto-Agostini's alleged failure to fill up a two page document requested by defendant Aetna does not support defendant's averment the medical evidence was insufficient to establish plaintiff's disabling mental condition.

As to any prejudice to defendant Aetna, we note the potential liability for a short term disability benefit, considering plaintiff's service time with the employer under the disability plan, would be mostly limited to a period of benefits of eighteen (18) months, that may be set-off with benefits or compensation received from other sources, including Social Security, which was awarded in this case to plaintiff Mercado-Torres.

Further, plaintiff avers Aetna was under a conflict of interest in denying her short term disability under the self-insured plan paid by the employer Praxair because, if she would have been thereafter granted long term disability, Aetna would have had to pay those benefits from its own assets. However, there was no event leading to a long term disability claim and the same was not submitted for consideration to the plan administrator.

The potentiality of long term disability claim, that could affect defendant's assets as submitted by plaintiff as the basis of a possible conflict of interest in denying short term disability, is considered highly speculative because no such benefits were requested and a long term disability claim may have required additional and substantial medical evidence from plaintiff to indeed establish the condition as chronic and not amenable to treatment.

A review of the complaint in this case shows the claim raised is only for short term disability and not for long term disability denial of benefits. As such, plaintiff has not established the plan administrator, herein defendant Aetna, operated under a conflict of interest in denying benefits to plaintiff Mercado-Torres.[3]

There is substantial medical evidence on record to support a claim of short term disability, as mentioned above, and the denial by defendant without significant evidence to the contrary lacks merit for lack of reasonableness under the arbitrary and capricious standard of review.

Insofar as the appropriate remedy, dealing herein solely with short term disability benefits and the parties' submission of the issues on the administrative record, remand is not deemed appropriate. The court has equitable power to fashion appropriate relief where an ERISA plan has improperly denied benefits. Thus, this United States Magistrate Judge herein considers relief to be the award to plaintiff Mercado-Torres of retroactive reinstatement of short term disability benefits.[4]

## CONCLUSION

In view of the above discussed, judgment on the administrative record shall be entered in favor of plaintiff Carmen Mercado-Torres for an award of the corresponding short term disability benefits within the terms provided by the short term disability plan.

---

[3] Metropolitan Life Ins. Co. v. Glenn, 554 U.S. 105, 128 S.Ct. 2343 (2008); Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 109 S.Ct. 948 (1989).

[4] Cook v. Liberty Life Assurance Co. of America, 426 F.3d 20, 24 (1st Cir. 2005).

The court shall retain jurisdiction regarding enforcement of judgment and compliance thereof.

The Clerk of the Court is to enter judgment accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 10th day of January of 2011.

s/CAMILLE L. VELEZ-RIVE
CAMILLE L. VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE